**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>Patricia Gibson d/b/a<br>Kyla Ann's Bridal Boutique,<br><br>Debtor. | C/A No. 11-02243-DD<br><br>Chapter 13<br><br>**ORDER** |

This matter is before the Court on a Motion for Relief from Stay ("Motion") filed by Wells Fargo Bank, N.A. ("Wells") on April 28, 2011. An Objection to Wells' Motion was filed by Patricia Gibson ("Debtor") on May 19, 2011. A hearing was held May 23, 2011. At the conclusion of the hearing, the Court took the matter under advisement for further consideration. Pursuant to Federal Rule of Civil Procedure 52, which is made applicable to this matter by Federal Rules of Bankruptcy Procedure 7052 and 9014(c), the Court now makes the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

Debtor filed for chapter 13 protection on April 4, 2011. Debtor operates a bridal boutique in Sumter, South Carolina. Debtor's Schedules I and J list monthly gross income from the operation of her business of $6,700 and monthly business expenses of $4,141.02. Additionally, Debtor's Schedule J lists a mortgage payment for her business property of $2,145 per month. The tax appraisal value of Debtor's business property is $316,505, but Wells states in the certification of facts attached to its Motion that based on an appraisal it conducted on the property in August 2010, the value of the property is $250,000. Wells holds a mortgage on the property and Debtor's tools of the trade in the amount of $382,011.96. Wells' Motion indicates that Debtor has failed to make the payment due in June 2010 and all subsequent payments.

However, subsequent to the hearing on Wells' Motion, the Court was informed that Debtor made a payment on May 2, 2011 in the amount of $2,145.

Debtor's plan proposes to pay Wells $500 per month to cure arrearages owed. Debtor lists the amount of arrears as $30,000 on Schedule D. Debtor's plan also proposes to pay regular mortgage payments directly to Wells beginning in May 2011. Debtor's property was sold at a tax sale in December 2010 for unpaid 2009 property taxes in the amount of $18,301.21. On her Schedule E, Debtor also lists unpaid 2010 property taxes in the amount of $6,699.26, plus late fees and penalties added after the due date of January 17, 2011. Debtor also lists income taxes owed to the IRS. Debtor filed a Plan on May 3, 2011, which proposes to pay these priority tax claims on a pro rata basis. Wells has filed an Objection to Confirmation of Debtor's proposed plan.

Debtor's Schedule I and J show monthly average income of $11,797.55 and monthly expenses of $10,424.87, leaving Debtor with disposable income of $1,372.68 per month. Her plan proposes monthly payments of $1,360 for 60 months, leaving Debtor with an additional 12 dollars per month after making her plan payment. Debtor's Schedules indicate that she has three dependent children ages 16, 17, and 20, all of whom are disabled. Debtor receives social security for these children in the total amount of $1,787 per month and adoption subsidies in the total amount of $3,310.55 per month.

## **CONCLUSIONS OF LAW**

Wells requests relief from the automatic stay based on 11 U.S.C. § 362(d)(1) and 362(d)(2). Section 362(d) provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
(2) with respect to a stay of an act against property under subsection (a) of this section, if –
   (A) the debtor does not have an equity in such property; and
   (B) such property is not necessary to an effective reorganization.

Debtor argues in her Objection that Wells is adequately protected under the terms of her chapter 13 plan. While Debtor did not include any explicit statement in her Objection that the property is necessary for her reorganization, the necessity of retaining the property is implied through Debtor's proposal to pay for the property and retain it through her plan. Wells argues there is no equity in the property, and this contention is not challenged. Debtor's Objection states that Debtor's counsel has been unable to reach Debtor and that they are therefore unable to confirm that Debtor is behind on payments. However, the Objection states that if Debtor is indeed behind, Debtor requests time to catch up on her payments.

Section 362(d)(1) allows a court to grant relief from the stay "for cause". "Cause" is not defined in the Bankruptcy Code. *In re Beach First Nat'l Bancshares, Inc.*, No. 10-03499-dd, 2011 WL 1630038, at *4 (Bankr. D.S.C. Apr. 29, 2011). As a result, courts must look at the specific facts of the case and the totality of the circumstances in order to determine whether cause to grant relief from the stay has been established. *Id.* (citing *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992); *In re Downey Fin. Corp.*, 428 B.R. 595, 608–09 (Bankr. D. Del. 2010)). The court has discretion whether to grant relief from the stay. *Id.* (citing *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992); *In re Laminate Kingdom, LLC*, No. 07-10279-BKC-AJC, 2008 WL 1766637, at *3 (Bankr. S.D. Fla. Mar. 13, 2008)). Section 362(g) provides that the movant has the burden of proof regarding the issue of the debtor's equity in the property, but that the opposing party, here Debtor, has the burden of proof on all other issues.

Debtor lists the value of the property on her Schedules as $316,505; thus, Debtor apparently concedes that she has no equity in the property. Despite this, she claims that Wells is adequately protected through her chapter 13 plan. "Adequate protection", like "cause", is not defined in the Bankruptcy Code, although examples of what may afford a creditor adequate protection are provided in section 361. Thus, a determination of whether Debtor's chapter 13 plan provides Wells adequate protection must necessarily depend on the specific facts and circumstances of Debtor's case.

Debtor's property was sold at a tax sale in December 2010; as a result, a twelve month period during which Debtor can redeem the property began to run. *See* S.C. Code § 12-51-90 (1976). While Debtor did not raise any argument regarding the possible tolling of the redemption period at the hearing, it is necessary for the Court to address this issue in determining whether to grant Wells relief from stay. The majority view is that the automatic stay does not apply to toll the running of a statutory redemption period. *In re Darrell Creek Assocs., L.P.*, 187 B.R. 908, 915 (Bankr. D.S.C. 1995); *In re Cooke*, 127 B.R. 784, 786 (Bankr. W.D.N.C. 1991) (citing *Heikkila v. Carver (In re Carver)*, 828 F.2d 463, 464 (8th Cir. 1987); *Fed. Land Bank of Louisville v. Glenn (In re Glenn)*, 760 F.2d 1428, 1436–40 (6th Cir. 1985); *Johnson v. First Nat'l Bank of Montevideo*, 719 F.2d 270, 275–78 (8th Cir. 1983); *In re Adams*, 86 B.R. 867, 870 (Bankr. E.D.N.C. 1988); *In re Farmer*, 81 B.R. 857, 859–60 (Bankr. E.D. Pa. 1988); *In re DiCello,* 80 B.R. 769, 772–73 (Bankr. E.D.N.C. 1987)); *In re Cottage Farm, Inc.*, No. 87-01784, pg 7–8 (Bankr. D.S.C. Feb. 12, 1988); 3 Collier on Bankruptcy ¶ 362.04[5] (16th ed. 2011). This Court has previously held that the one year redemption period set forth in the South Carolina Code for properties sold at tax sales was not tolled by the automatic stay. *Darrell*

*Creek*, 187 B.R. at 915; *Cottage Farm, Inc.*, No. 87-01784, pg. 8. Based on this clear precedent, the redemption period for Debtor's property is not tolled by the filing of her bankruptcy case.

Because Debtor's redemption period is not tolled, Debtor has until December 2011 to redeem her property. This will require Debtor to pay the significant amount of delinquent taxes, plus interest and any fees, penalties, and costs. *See* S.C. Code § 12-51-90 (1976) ("The defaulting taxpayer, any grantee from the owner, or any mortgage or judgment creditor may within twelve months from the date of the delinquent tax sale redeem each item of real estate by paying to the person officially charged with the collection of delinquent taxes, assessments, penalties, and costs, together with interest as provided in subsection (B) of this section."). If Debtor does not redeem the property by paying the delinquent taxes, plus interest, penalties, and costs, by December 2011, a tax deed will be issued to the tax sale purchaser and Debtor will no longer have any interest in the property. An examination of Debtor's Schedules and proposed plan reveals that redemption will be extremely difficult, if not impossible, for Debtor to accomplish. After paying her monthly household expenses and her plan payments, Debtor will have approximately $12 left each month. While Debtor does propose to repay these taxes pro rata through her plan, the plan will clearly not pay nearly enough to cure the entire delinquency prior to December 2011. Thus, it appears Debtor will be unable to redeem the property. The Court has no information regarding the identity of the purchaser at the tax sale. However, given the fact that the Court has concluded Debtor will be unable to redeem the property before the applicable redemption period expires, the rights given to Wells through Debtor's chapter 13 plan do not constitute adequate protection to justify denial of Wells' Motion. Additionally, the apparent lack of notice of the bankruptcy filing to the tax sale purchaser and the delinquent tax office creates other, significant problems for this case. Debtor's inability to redeem the property,

coupled with her lack of equity in the property, constitutes cause to grant Wells relief from the automatic stay.

## CONCLUSION

For the reasons set forth above, cause exists to grant Wells relief from the automatic stay under section 362(d)(1). Wells' Motion is granted, to the extent that Wells is permitted to take action necessary to immediately protect its interest in the collateral. However, while Wells may now take other action with respect to the property, the modification of the stay does not extend to allowing Wells the right to proceed with foreclosure at this time. The Court will consider a further modification of the stay at a continued hearing on Wells' Motion, which will be held at the same time as Debtor's confirmation hearing, on July 18, 2011 at 10:00 a.m. in Columbia.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**05/26/2011**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 05/27/2011